## Coral Gables, Inc., v. Sherrill et al.

(Decided Dec. 8, 1933.)

JAMES H. JEFFRIES for appellant.
N. R. PATTERSON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

On June 25, 1925, the Coral Gables Corporation sold to B. W. Sherrill a lot in Coral Gables, Fla., for $3,750. He paid then $937.50, and executed his note for the balance, $2,812.50. On October 14, 1925, he bought another lot in Coral Gables for $5,400. He paid $1,350, and executed his note for the balance, $4,050. At the time of the purchase the vendor delivered to him a title bond which, among other things, in each case, contained these provisions:

"That if the said second party shall make the payments and perform the covenants as hereinafter set out, the said first party agrees to convey

to said second party by good and sufficient warranty deed, free of all incumbrances other than such as may have been placed thereon by or through said second party.

"That the first party will cause to be provided suitable and convenient water supply and electric current at reasonable meter rates for reasonable household use upon the beginning of the construction of a house on the above described property, in accordance with the provisions of this agreement, and after sixty days written notice to said party of the first part, that such water and electric light service or either of them is desired, with privilege in said first party to provide temporary supply through individual systems of water and electricity, or otherwise until permanent systems may be installed.

"Where not already so completed, streets will be paved, sidewalks constructed, water mains and electric feed wires installed, all of a kind similar to such improvements in similar completed sections of Coral Gables and without additional cost to said second party."

He made a number of payments on each note, but, failing to pay the remainder, Coral Gables, Inc., another Florida corporation, as the assignee of the notes, brought this action on March 19, 1931, to recover thereon, and to subject to the debt certain property in Bell county, Ky., which Sherrill, on July 24, 1930, had by deed conveyed to his wife, Mary Sherrill. Sherrill filed an answer to the petition setting up the above provisions of the title bond and alleging no deed had been made or tendered, and also pleading that the vendor had not complied with the above provisions. Voluminous proof was taken, and on final hearing the circuit court dismissed the petition. The plaintiff appeals.

The plaintiff, on August 18, 1932, filed in the action a warranty deed from the Sobird Corporation, a body corporate of the state of Florida, to Sherrill for one of the lots, and a deed from the Coral Gables, Inc., a body corporate of the state of Florida, a warranty deed, for the other lot. These deeds were executed on December 23, 1931. The Coral Gables Corporation is not a party to either of these deeds. One question in the case is,

Were these deeds a sufficient compliance with the contract?

Another question raised in the case, by the answer, is as to the sufficiency of the proof as to the construction of the streets and water and light systems. The proof shows that the Coral Gables Corporation took no steps to construct the streets. About a year after the contract was made with Sherrill it entered into an agreement with the city of Coral Gables, by which the city issued bonds for the construction of the streets, and the streets were constructed later under the city ordinance by the city; Coral Gables Corporation buying the bonds of the city and thus furnishing the money for the construction of the streets. It also appears that later, after the street was constructed, the Coral Gables Corporation paid the city the assessments which had then been made upon the two lots in controversy. But whether this was all the assessment for which these lots were liable does not appear, and, in addition to this, all the lots in the improved area were bound for the payment of the bonds, and, if other lots did not pay, these lots would have to pay to make up the deficiency to pay the bonds. This had become a serious matter in Florida when the action was tried, for the reason that the bottom had dropped out of the boom, and the price of lots had so gone down that there was no telling what would happen. On these facts the circuit court held that the consideration for the execution of the notes had failed and refused to enforce the contract.

The circuit court simply dismissed the plaintiff's petition, leaving the plaintiff with the lots in Florida and all the money it had collected from Sherrill. The court, under the proof, simply refused to enforce the contract. Whether a contract should be enforced in equity must in each case be determined by the chancellor on the facts, and, if in the exercise of a reasonable discretion the chancellor refuses to enforce the contract, the judgment will not be reversed unless on all the facts a sound discretion was not exercised. In the case at bar, by the contract, the purchaser was entitled to a perfect title, free from any incumbrances for the building of any of the improvements named in the contract. Under the circumstances shown here, no one can tell what burden will have to be met by the owner of these lots before the bonds, under which the streets were con-

structed, are paid. The bottom has dropped out of the boom, and what loss may fall on the owners of this property no one can tell. The circuit court therefore did not abuse a sound discretion in refusing to enforce the contract. When this action was filed in the state court another action was filed by the same plaintiff against the same defendant on some other like notes executed by the defendant for lots at Coral Gables purchased at the same sale. That case in the United States District Court was decided about a month after this case, and refusing the plaintiff any relief that court on facts very similar to those here, after holding that the deeds tendered were not the deeds required by the contract, on the evidence added this:

"But in addition to this the Coral Gables Corporation agreed to provide streets and sidewalks, water mains and electric feed wires. It has provided neither. Streets and sidewalks have been provided but not by it. They have been provided by the municipality. Had they been so provided without cost to the defendant this may have been a sufficient compliance with that corporation's agreement. But they have not been so provided. They have been provided at defendant's cost. He may be said to have provided them. At any rate water mains and electric feed wires have not been provided by any one. The agreement of that corporation to provide these things was, as we have seen, to provide them in a reasonable time. That time had elapsed long before this action was brought. It had expired before the last installment of the purchase price became due. With that corporation and its successors thus in default plaintiff was not entitled to enforce payment of the balance due from defendant."

In Tennant Land Co. v. Nordeman, 148 Ky. 361, 146 S. W. 756, 757, where a land contract was involved, this court said:

"As the property in question was unimproved suburban property, it is manifest that the improvements contemplated by the contract were necessary to its proper enjoyment as a home, or to its profitable sale. That being true, they constitute an essential part of the consideration."

In Coral Gables, Inc., v. Barnes, 247 Ky. 292, 57 S. W. (2d) 18, where, under a like Florida contract, there had been a verdict for the defendant, the judgment was affirmed.

The same result reached here by the circuit court was reached by the Supreme Court of Florida on like facts in Walker v. Close, 98 Fla. 1103, 125 So. 521, 528, 126 So. 289. The court said:

"A very marked distinction between (1) the right of a vendee, after a contract has been executed by a conveyance of the land, and (2) his right, while the contract is in the executory state, is that in the first case defects in the title, which expose him to the hazard of litigation or the threat of litigation, do not generally entitle him to any relief against his vendor. It is otherwise, if he is under an executory contract; the vendee in such a contract will not be required to accept the conveyance of a title so clouded by defects as to expose him to the hazard of litigation, or which may require him to resort to litigation, in order to clear his title from outstanding claims or defects. 57 A. L. R. 1300."

The conclusion we have reached on the merits of the case renders it unnecessary to pass on the question of sufficiency of the deeds tendered under the law of Florida.

Judgment affirmed.